UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DESHAUN HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. OBERST,<br>　　　　　Defendant. | CASE NO. 1:20-cv-0475 JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE**<br><br>**(Doc. 11)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting constitutional claims against a governmental employee. (Doc. 11.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.　　Pleading Standard**

　　A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff bring this suit against Dr. Oberst, a medical doctor at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff alleges that he has a history of seizure disorder and traumatic brain injury. After experiencing seizures for a few days, plaintiff was seen by Dr. Oberst, who is not plaintiff's regular doctor. Dr. Oberst informed plaintiff that he would increase the dosage of plaintiff's seizure medication, Dialantin, but plaintiff verbally opposed the increase. It is unclear if plaintiff informed Dr. Oberst that the reason he was declining the increase was because of prior experience with Dialantin, which causes his gums to bleed and makes him dizzy when the dosage is too high.

Plaintiff later went to pill call and learned that his medication had indeed been changed. Plaintiff took the new pills as prescribed, but he suffered multiple seizures and was hospitalized for

medication toxicity. Plaintiff claims that Dr. Oberst violated his right to refuse medication. Plaintiff seeks injunctive relief and damages.

**III.     Discussion**

    **A. Fourteenth Amendment Right to Refuse Treatment**

Plaintiff's contention that his right to refuse treatment was violated is, liberally construed, a Fourteenth Amendment substantive due process claim.

Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. See County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir. 1988). Due process protection in the substantive sense limits what the government may do in both its legislative and executive capacities. See Lewis, 523 U.S. at 846. "Only official conduct that 'shocks the conscience' is cognizable as a due process violation." Porter v. Osborn, 952 F.3d 1131, 1137 (9th Cir. 2008) (quoting Lewis, 523 U.S. at 846).

Substantive due process must be expanded only with the greatest care and its protection is primarily reserved for liberties deeply rooted in the nation's history and tradition, see Doe v. Tandeske, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam); that is, it is ordinarily reserved for those rights that are "fundamental," see Washington v. Glucksberg, 521 U.S. 702, 721-22 (1997). "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 271-72 (1994).

It is undisputed that there is a federally recognized liberty interest in the right to bodily integrity under the Fourteenth Amendment. Ingraham v. Wright, 430 U.S. 651, 673-74 (1977). However, Ingraham addressed the rights of schoolchildren to remain free from arbitrary physical punishment. Id. In Cruzen v. Missouri, the Supreme Court confirmed that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." 497 U.S. 261, 278 (1990). However, Cruzen specifically dealt with, and assumed for purposes of the case, that the Constitution "would grant a competent person a constitutionally protected right to refuse lifesaving

1  hydration and nutrition." Id. at 279. Other cases have found that there is a liberty interest in avoiding
2  the unwanted administration of antipsychotic drugs, see Washington v. Harper, 494 U.S. 210, 221-
3  22, 229 (1990) ("The forcible injection of medication into a nonconsenting person's body represents
4  a substantial interference with that person's liberty"), and a liberty interest in the physical transfer
5  to a mental hospital coupled with forced medical treatment including drugs, see Vitek, 445 U.S. at
6  494.

7        In this case, plaintiff contends that Dr. Oberst's decision to increase the dosage of Dialantin
8  violated his substantive due process rights. But there is no support for the proposition that the
9  increased dosage of Dialantin equates to the type of "medical treatment" or invasion into bodily
10  integrity at issue in Cruzen, 497 U.S. at 278-79 (right to die case), Rochin v. California, 342 U.S.
11  165, 172 (1952) ("Illegally breaking into the privacy of the petitioner, the struggle to open his mouth
12  and remove what was there, the forcible extraction of his stomach's contents ... is bound to offend
13  even hardened sensibilities"), or Washington, 494 U.S. at 229 (nonconsensual injection of
14  medication). That is, plaintiff's allegations are not the type of actionable behavior that "shocks the
15  conscience," particularly so since plaintiff admits that he voluntarily ingested the medication.

16        Plaintiff's claim that he has a right to be free from an increased dosage of Dialantin is
17  markedly different from those previously recognized rights. Furthermore, plaintiff has not cited to,
18  and this Court is not aware of, any authority that holds, either directly or by analogy, that the Due
19  Process Clause of the Fourteenth Amendment protects such an interest. Therefore, this Court
20  declines to recognize a substantive due process right as alleged by plaintiff.

21        **B. Fourteenth Amendment Medical Indifference**

22        Where a prisoner's Eighth Amendment claims arise in the context of medical care, the
23  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
24  indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth
25  Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
26  the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059
27  (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th
28

4

Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Though plaintiff claims that his right to refuse treatment was denied by Dr. Oberst, a liberal construction of plaintiff's pleading also suggest a claim of deliberate indifference. However, plaintiff does not properly allege that Dr. Oberst modified plaintiff's prescription with knowledge of the deleterious side effects caused by a high prescription. As such, it appears that plaintiff's claim amounts to a mere difference of opinion between him and his medical provider, which is not actionable. At worst, plaintiff's claim sounds in negligence, which is also not actionable.

**IV.     Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, the Court **ORDERS** that:

1. Within thirty days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
2. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 14, 2020**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE